IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CANDACE RAYBURN | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO.___________ |
| v. | § | |
| | § | |
| LOUIS ACKAL, in his official capacity as | § | JURY TRIAL DEMANDED |
| Sheriff of the Iberia Parish Sheriff's Office | § | |
| AND Iberia Parish | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Candace Rayburn ("Rayburn"), who complains of named Defendants herein, the Parish of Iberia and the Sheriff of Iberia Parish Sheriff's Office ("IPSO"), Louis Ackal ("Sheriff Ackal"), and for cause of action would respectfully show the Court as follows:

**I.**
**<u>SUMMARY AND NATURE OF THE LAWSUIT</u>**

1. This is a retaliation case under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). *See* 42 U.S.C. § 2000e *et. seq.*

2. Rayburn served as a Sheriff's Deputy for IPSO for over five years, but her employment was summarily terminated approximately three weeks after her close friend and coworker, Deputy Laura Segura ("Segura"), filed a charge of sexual harassment with the EEOC against Chief Deputy Bert Berry. Within two weeks of Segura's complaint, Rayburn was brought before a Disciplinary Board for allegedly not treating a fellow Deputy politely.

Although the Disciplinary Board recommended she be placed on a "1-year probation" and "offered a remedial training course, if available." Sheriff Ackal rejected the recommendation and terminated Rayburn's employment for "multiple [uncited] policy violations." Rayburn intends to prove that both the Disciplinary Board hearing and the termination of her employment were retaliatory acts, which were intended to both silence Segura as well as those who publicly supported her complaint.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331. Specifically, the claims brought under Title VII involve federal questions.
4. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because all defendants are residents of Louisiana, and a substantial part of the events or omissions giving rise to Rayburn's claims occurred in the Western District of Louisiana.

## III.
## PARTIES

5. Rayburn is a citizen of the United States of America, and is a resident of Louisiana.
6. Sheriff Louis Ackal is being sued in his official capacity as Sheriff of the Iberia Parish Sheriff's Office ("IPSO").
7. Iberia Parish is being sued as the employer of Sheriff Louis Ackal.

## IV.
## PROCEDURAL REQUISITES

8. On September 1, 2014, Rayburn filed a Questionnaire that resulted in an accepted Charge of Retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice on September 27, 2016. This lawsuit is being filed within 90 days of receipt of the EEOC right-to-sue notice.

## V.
## FACTS

9. Rayburn was employed as a Sheriff's Deputy for IPSO from July 21, 2008 to November 15, 2013, and during that time she received overwhelmingly positive reviews from her supervisors as well as her peers; indeed, she was even named "Employee of the Year" in 2012.

10. Despite Rayburn's positive performance history and years of enjoying a cordial working environment, her workplace drastically changed after her best friend and coworker, Deputy Segura, filed a charge of sexual harassment against Chief Berry on October 28, 2013. In the approximate week and a half following the complaint, Rayburn was questioned by numerous ISPO employees about the legitimacy of the complaint, and she communicated to them her support of Segura's complaint and courage, as well as her willingness to stand behind her friend.

11. Upon information and belief, Ms. Rayburn's supportive statements were communicated to numerous members of IPSO leadership and administrative staff, to include Bert Berry, Sheriff Ackal, Gerald Savoy and Deborah Lourd.

12. On November 7, 2013 Gerald Savoy convened a "Discipline Review Board" to determine whether Rayburn had been unprofessional towards a fellow Deputy, Justin Jones, on November 6, 2013. The Board, which was comprised entirely of employees who worked directly under Savoy, convened for 26 minutes and determined that Rayburn had behaved inappropriately and recommended she be placed on a "1-year probation" and "offered a remedial training course, if available."

13. Despite the recommendation of the Board, Ms. Rayburn's employment was terminated on Friday, November 15, 2013 for "multiple [uncited] policy violations."

14. On November 16, 2013, Sheriff Ackal told Segura that he had fired Rayburn for her statements in support of Segura's sexual harassment complaint, and that he "did not want that type of employee in his office."

15. Neither Sheriff Ackal nor his employees acted in good faith in making their determinations regarding Rayburn's employment

16. Sheriff Ackal and his employees' actions were committed with malice.

17. Rayburn has suffered economic damages, mental anguish, emotional distress, and other compensatory damages as a result of Sheriff Ackal and his employees' actions.

## VI.
## CAUSE OF ACTION

### *A. Retaliation under Title VII*

18. Based on the foregoing, Sheriff Ackal and his employees retaliated against Rayburn because her friend complained about sex discrimination and/or harassment, and because Rayburn supported that complaint. *See* 42 U.S.C. § 2000e-3.

## VII.
## ATTORNEY'S FEES

19. As a result of Sheriff Ackal's actions, Rayburn has had to retain the undersigned attorney and incur reasonable and necessary attorney's fees.

## VIII.
## JURY DEMAND

20. Rayburn hereby demands trial by jury.

## IX.
## DAMAGES

21. As a result of the above-mentioned actions, Rayburn seeks the following damages:

    a. Back pay;

b. Loss of benefits;

c. Loss of earning capacity;

d. Reinstatement or, in the alternative, front pay;

e. Loss of enjoyment of life;

f. Mental anguish and emotional distress;

g. Compensatory damages;

h. Punitive damages;

i. Any and all other damages and/or relief, equitable or otherwise, to which she may be entitled under state or federal law;

j. Reasonable and necessary attorney's fees;

k. Court costs;

l. Pre-judgment and post-judgment interest accruing at the maximum rate allowed by law;

m. All further relief to which she may be entitled.

## X.
## PRAYER

22. WHEREFORE, Rayburn respectfully prays that Sheriff Ackal and the Parish of Iberia be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Rayburn against them for damages in an amount within the jurisdictional limits of this Court, which shall include all above-mentioned damages and any other relief, at law or in equity, to which she may be entitled.

Respectfully Submitted,

**Mueller Employment Law Firm, LLC**

*/s/ Justin Mueller*

Justin Mueller
La. Bar Roll No. 36108
110 Travis St., Suite 11
Lafayette, LA 70503
Telephone: 337.909.5424
Fax: 337.264.1869
Email: jm@jmuellerlaw.com
***Attorney for Plaintiff***